UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-20314-DPG

MICHELLE LOMBARDO, on behalf of
herself and others similarly situated,

    Plaintiff,

v.

NCL CORPORATION LTD., a Foreign
Corporation,

    Defendant.
_____/

## **DEFENDANT'S RESPONSE TO STATEMENT OF CLAIM**

**COMES NOW** Defendant, NCL Corporation Ltd., A Foreign Corporation, by and through its undersigned counsel, and pursuant to the Court's Notice of Practice, hereby files this Response to Statement of Claim, and as grounds states as follows:

1. On April 13, 2018, Plaintiff, Michelle Lombardo, filed her Statement of Claim setting forth her alleged damages in this matter. In her Statement, Plaintiff states that she is seeking $13,119.43 in overtime wages, unliquidated and exclusive of attorney's fees and costs.

2. Defendant strenuously denies that Plaintiff is entitled to any damages in this case and further denies that Plaintiff is owed any overtime wages. Plaintiff was employed by Defendant in a capacity where she was exempt from the overtime requirements of 29 U.S.C. §207 because of

her status as a commissioned employee pursuant to the provisions and regulations of 29 U.S.C. §207(i) and/or §213(a)(1).[1]

3.  Defendant qualifies as a retail or services establishment and its Personal Cruise Consultants ("PCC") are exempt under Section 7(i) of the FLSA.

4.  Plaintiff was employed with Defendant as an exempt PCC during the time period covered in the Plaintiff's Statement of Claim. During that time, Plaintiff's regular rate of pay exceeded one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are worked, and more than half of Plaintiff's total earning consisted of commissions.

5.  Thus, Plaintiff has no claim for overtime, unpaid wages, or any other form of damages, because she has received any and all wages and compensation that may have been owed to her under all applicable laws.

6.  Defendant further asserts that the pleadings and Statement of Claim fails to sufficiently allege any willful violation of the FLSA and Defendant adamantly denies that any willful or intentional violation otherwise occurred that would permit the application of a three (3) year statute of limitation as to any claim raised by any Plaintiff.

7.  Despite being exempt from overtime, to the extent Plaintiff found to be not exempt for any given workweek where more than forty hours are worked, the estimated amounts and wage rates set forth in the Statement are incorrect and strenuously denied.  Stated differently, even if the

---

[1] This response to Plaintiff's Statement of Claim is not intended to assert all of Defendant's defenses to Plaintiff's Complaint, and Defendant incorporates by reference all of the defenses asserted in its Answer and Affirmative Defenses to Plaintiff's Complaint.

Court were to disagree with Defendant and find that Plaintiff was entitled to overtime wages, Defendant disputes Plaintiff's calculation of damages. In particular, Plaintiff alleges she worked an average of sixty (60) hours per week, which is grossly inaccurate and inflated.

8. Furthermore, the method used to calculate overtime is also inaccurate and denied. Again, Plaintiff was a commissioned employee and exempt from the overtime requirements of 29 U.S.C. §207. As such, in the event Plaintiff is not exempt for any particular workweek, the Statement fails to apply the correct premium calculation(s) to determine compensation and hours for each commission period as articulated in the provisions and regulations of the FLSA for exempt commissioned employees of a retail or service establishment.

9. Defendant contends that regardless of Plaintiff's exemption from overtime, she should be estopped from recovering any overtime wages, for any period of time, for having misled Defendant with respect to the number of hours she reported to have worked. *See McGlothan v. Walmart Stores, Inc.*, No. 6:06–CV–94, 2006 WL 1679592, at *3 (M.D. Fla. June 14, 2006) ("the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours."). Additionally, to the extent Plaintiff is found to be entitled to overtime wages, such entitlement must be reduced or subject to set-off for time spent not working, on leave, vacation, sick leave, on break, and any other time that was not spent predominately for Defendant's or Plaintiff's benefit. *See Gonzalez v. Metro. Delivery Corp.*, 2012 U.S. Dist. LEXIS 58279, *13 (S.D. Fla. 2012).

10. Defendant further objects to the Plaintiff's request for liquidated or double damages and denies any claim for same. Defendant has, at all times, acted in good faith, and thus, no claim for liquidated damages or otherwise should be deemed meritorious.

CASE NO.: 1:18-cv-20314-DPG

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 3rd day of May, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following: Hazel Solis Rojas, Esq., Law Office of Keith M. Stern, P.A., hsolis@workingforyou.com, One Flagler, 14 NE 1st Avenue, Suite 800, Miami, FL 33132, (305) 901-1379/(561) 288-9031 (F), Attorney for Plaintiff, Michelle Lombardo and Keith M. Stern, Esq., Law Office of Keith M. Stern, P.A., employlaw@keithstern.com, One Flagler, 14 NE 1st Avenue, Suite 800, Miami, FL 33132, (305) 901-1379/(561) 288-9031 (F), Attorney for Plaintiff, Michelle Lombardo.

                  COLE, SCOTT & KISSANE, P.A.
                  Counsel for Defendant NCL CORPORATION LTD.,
                  a Foreign Corporation
                  Esperante Building
                  222 Lakeview Avenue, Suite 120
                  West Palm Beach, Florida 33401
                  Telephone (561) 383-9228
                  Facsimile (561) 683-8977
                  Primary e-mail: rachel.beige@csklegal.com
                  Secondary e-mail: ashleigh.mckenzie@csklegal.com
                  Alternate e-mail:  kristen.daugharty@csklegal.com
By:   s/ Ashleigh C. McKenzie
                  RACHEL K. BEIGE
                  Florida Bar No.:  16366
                  ASHLEIGH C. MCKENZIE
                  Florida Bar No.:  123883