## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by MICHELLE LOMBARDO (hereinafter, Plaintiff), and NCL (BAHAMAS), LTD. d/b/a Norwegian Cruise line ("Defendant") (collectively as, the "Parties").

## WITNESSETH

WHEREAS, Plaintiff on behalf of herself, individually, filed a lawsuit in the United States District Court, Southern District of Florida, Case No.: 1:18-cv-20314-GAYLES for alleged violations of 29 U.S.C. §§ 201, *et seq.* the Fair Labor Standards Act ("FLSA") (the "Litigation"); and

WHEREAS, Defendant denies all of Plaintiff's claims and allegations, including but not limited to any and all claims or allegations purported under the FLSA, that Plaintiff was not compensated in accordance with any state, Federal, or local law, that Plaintiff is not entitled to – and was exempt from – the overtime premium provisions of the FLSA as she was exempt from such requirements pursuant to Section 207(i) of the FLSA, denies any wrongdoing or violation of law, rule or regulation, and further denies that Plaintiff is entitled to, or able to receive, any damages, liquidated damages, or that Defendant may be liable to Plaintiff in any way; and

WHEREAS, "Defendant" shall include, without limitation, NCL (BAHAMAS), LTD., and any and all of its and the following persons'/entities' past, present and future: incorporators; directors; officers; owners; shareholders; investors; managers; employees; insurers and its insurers' former, current and future agents; attorneys; representatives; joint ventures; parent entities; holding entities; subsidiaries; affiliate entities; related entities; divisions; branches; members; assigns; and, any person, partnership, corporation, association, organization or entity

acting directly or indirectly in Defendant's interest, as an employer of Plaintiff, or acting on behalf of Defendant in any other official, personal or unofficial way or capacity whatsoever; and

WHEREAS, "Plaintiff" shall include Michelle Lombardo and her heirs, successors, assigns, beneficiaries, trustees, executors, administrators, agents, assigns, attorneys, any other person or entity of interest and/or representatives; and

WHEREAS, after thorough discussions with legal counsel the Parties recognize, understand, and appreciate that bona fide disputes and controversies exist as to the Litigation and that there are risks associated with Plaintiff's individual claim as a result of the bona fide disputes as to liability, entitlement, and the amount of damages, if any, and have knowingly and voluntarily entered into this Agreement to buy peace and end the Litigation; and

WHEREAS, the Plaintiff and Defendant affirm, stipulate and agree that the resolution memorialized by this Agreement was reached at arm's length, with advice of legal counsel, and is a fair and reasonable resolution of the Litigation and any and all disputes, claims, or controversies, known and unknown, that are, or could be, related to Plaintiff's former employment with Defendant.

NOW, THEREFORE, in just and reasonable consideration of the covenants set forth above and below, the described payment from Defendant to Plaintiff and her attorneys, and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereto agree as follows:

1. The foregoing recitals and clauses are true and correct, and are re-incorporated here as if fully and originated stated herein.

2. **Plaintiff's Release.** Except for the Defendant's express obligations as set forth in this Agreement, the Plaintiff does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendant, as defined above, from any and all rights, obligations,

liens, claims, damages, demands, relief, liabilities, equities, actions, and causes of action regardless of whether being known or unknown ("Claims"), including without limitation: any and all Claims arising under, stemming from, or in any way related to/for: overtime wages; minimum wages; commissions; inaccurate records; liquidated damages; punitive damages; actual or compensatory damages of any kind, nature, or capacity (regardless of whether they are liquidated or unliquidated); lost wages; lost commissions or any form of lost income; front pay; back pay; emotional distress/mental health related damages; pain and suffering; equitable relief; and, attorneys' fees and costs by Plaintiff against Defendant, further including without limitation, Claims arising under or relating to:

A. The Fair Labor Standards Act, 29 U.S.C. §§201, 206 and 207, *et seq.*; and
B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment; and
C. The Equal Pay Act of 1963.

Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all wage and hours claims against Defendant.

Except for the enforcement of this Agreement, if Plaintiff should later initiate, assist in, or participate in any legal action or proceeding against any Defendant for any Claim arising under or relating to the FLSA, including but not limited to for any overtime or minimum wage claim arising before and through the effective date of this Agreement, which she should not, this Agreement can and will be conclusive and undisputable evidence that any and all such Claims have been released.

3. **Dismissal of the Litigation.** Upon execution of this Agreement by all Parties, the Parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that each party shall bear its own attorneys' fees and costs incurred in the Litigation, except as

otherwise agreed by the Parties, in writing. The Parties further agree to take any additional action required by the Court to obtain the full and final dismissal with prejudice of the Litigation.

4. **Settlement Payment.** In full and final settlement of all of Plaintiff's Claims against Defendant, asserted in the Litigation for alleged FLSA overtime violations, the Defendant shall, within Ten (10) days of the Court's approval of this Agreement and dismissal of the Litigation, with prejudice, deliver to counsel for the Plaintiff three (3) separate checks as follows:

A. Check #1 to Michelle Lombardo in the amount of $2,500.00, in consideration of alleged overtime wages, minus all relevant and applicable withholdings and deductions;

B. Check #2 to Michelle Lombardo in the amount of $2,500.00, in consideration of liquidated damages; and

C. Defendant will issue a separate check to Keith M. Stern, P.A. in the amount of $3,500.00, in consideration of all attorneys' fees and costs incurred in pursuing the Litigation on behalf of the Plaintiff, Michelle Lombardo. Plaintiff and the Parties expressly agree and state that the fees and costs paid to Keith M. Stern, P.A. were negotiated separate and apart from the amounts paid to the Plaintiff, as well as any other party to the Litigation. The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is for statutory attorneys' fees and costs under the FLSA. The Plaintiff understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees. Defendant makes no representation as to the tax consequences or liability arising from the payment(s) described herein. Moreover, the Parties understand

and agree that any tax consequences and/or liabilities arising from the payment to Plaintiff or her attorneys' shall be the sole responsibility of Plaintiff and/or her attorneys, with the limited exception of employer tax liability. To this extent, Plaintiff and her attorneys' acknowledge and agree that she will pay any and all income tax, debts, or liabilities which may be determined to be due in connection with the payment described in this paragraph, but will not be liable for any employer tax liability owed by Defendant.

5. **Not an Admission of Liability.** It is clearly understood, agreed, and stipulated between the Parties that the consideration described herein is in complete and full accord, satisfaction and discharge of disputed wage and employment claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit to any liability to Plaintiff or any other person or entity due to the result of any incident, act, omission, wrongdoing, or violation of law in any way cognizable, including without limitation the claims, charges, or causes of action set forth in the Litigation. It is recognized that Defendant has denied and continues to deny all such allegations, and that the Defendant complied with all state, Federal, and local laws, rules, and regulations, and otherwise properly paid Plaintiff in accordance with all applicable wage and hour laws. Moreover, the Parties further agree and stipulate that this Agreement does not, and cannot, be presented, submitted, or argued – in any way whatsoever – as suggesting or supporting that any violation or wrongdoing occurred, or that Defendant is or may be liable to Plaintiff or any other person or entity.

6. **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the parties hereto. The Parties to this Agreement acknowledge that they have had ample opportunity to consult with an attorney, any governmental

agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. This Agreement, and all terms and provisions herein, are contractual and not mere recitals which may be enforced in any Court of appropriate jurisdiction.

7. **Capacity to Execute**. Each of the Parties warrants and represents to the other that each has full power, authority and capacity to execute this Agreement. The Parities represent to each other that the effect(s) of this Agreement have been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that she is the sole owner and pursuer of the Claims asserted in the Litigation and has not transferred or assigned them, except as represented in this Agreement.

8. **Jointly Drafted.** This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the Parties have carefully read this Settlement Agreement, agree that all of its terms and provisions are fair and reasonable, and sign the same of their own free will and volition.

9. **Severability.** Should any provision of this Agreement be declared or determined by any Court of competent jurisdiction to be illegal, invalid, or enforceability, the validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

10. **Governing law.** This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida. The Parties shall request the Court retain jurisdiction to enforce this Agreement. The

Agreement shall be enforced by the United States District Court, Southern District of Florida or the Circuit Court in and for Miami-Dade County, Florida should the United States District Court decline jurisdiction for enforcement. All parts of this Agreement shall in all cases and circumstances be construed as a whole according to its fair meaning, and not strictly for or against any of the parties herein.

11. **Attorneys' Fees & Costs.** Should any Party hereto be required to enforce the terms of this Agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

12. This Agreement may be signed in counterparts, fax and copies to be considered and treated as original.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates set forth below and by doing so agree to bind themselves to the terms hereof.

_/s/ Michelle Lombardo_
MICHELLE LOMBARDO
Plaintiff

5-23-2018
Date

NCL (BAHAMAS) LTD., d/b/a
NORWEGIAN CRUISE LINE

By: Todd Sussman
Title: In-house Counsel
Date: 5/23/18